USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/01/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
TODD JOHNSON, :
                        Plaintiff(s), :
:
        -against- :
:      21-CV-6930 (VEC)
:
GEORGE D. SILVA, ESQ.; BISOGNO AND :
MICHAEL C. MEYERSON, LLP; LAW OFFICE :      ORDER
OF DENNIS C. BARTLING; KELLY, RODE AND :
KELLY, LLP; GUMO LLC; PICCIANO AND :
SCAHILL PC; MOLOPSITZ AND DESANTIS, :
P.C., :
:
                        Defendant(s). :
:
------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on August 17, 2021, Mr. Johnson, proceeding *pro se*, filed a complaint against his former attorneys and their law firms for alleged violations of his due process rights, *see* Compl., Dkt. 1;

      WHEREAS the Court construed Mr. Johnson's allegations as (1) claims brought pursuant to 42 U.S.C. § 1983 for violations of his rights under the Fourteenth Amendment's due process clause and (2) state common law claims for breach of contract and unjust enrichment, *see* Order, Dkt. 3 at 3, 4;

      WHEREAS private parties who do not work for any state or other governmental body may not be held liable under 42 U.S.C. § 1983, *id.* at 3–4;

      WHEREAS all the Defendants in this matter are private parties, *see* Compl., Dkt. 1, and accordingly cannot be found liable pursuant to 42 U.S.C. § 1983;

WHEREAS the Court informed Mr. Johnson that it intends to dismiss his federal claim because there are no state actors involved and to decline to exercise supplemental jurisdiction over his state law claims, Order, Dkt. 3 at 6;

WHERES the Court lacks diversity jurisdiction over Mr. Johnson's state law claims because the parties are not completely diverse and Mr. Johnson has not alleged to a reasonable probability that the amount in controversy requirement has been met, *id.* at 5–6;

WHEREAS without supplemental jurisdiction or diversity jurisdiction, the Court lacks subject-matter jurisdiction over Mr. Johnson's state law claims;

WHEREAS on August 23, 2021, the Court ordered Mr. Johnson to show cause why the Court should not dismiss his federal claim and decline to exercise supplemental jurisdiction over his state law claims, *id.* at 1, 7;

WHEREAS on September 23, 2021, Mr. Johnson responded to the Court's Order, Resp., Dkt. 6;

WHEREAS Mr. Johnson argued that his former attorneys should be considered state actors because they have taken oaths to support the Constitution of the United States and because they have to make certain filings with the Office of Court Administration, which is a New York state agency, *id.* at 2;

WHEREAS the Second Circuit has held that a private attorney representing a person in a state proceeding is not a state actor and his activities do not constitute state action necessary to state a claim under § 1983, *see Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) ("It is well established that private attorneys . . . are not state actors for the purposes of § 1983 claims." (internal citation omitted)); *see also O'Donoghue v. United States Soc. Sec. Admin.*, 828 F. App'x 784, 787 (2d Cir. 2020) (same);

WHEREAS the fact that the Office of Court Administration may impose certain filing obligations on an attorney does not alter the analysis; and

WHEREAS Mr. Johnson has not made any other arguments to suggest that the Court has subject-matter jurisdiction over this case;

IT IS HEREBY ORDERED that this case is dismissed without prejudice.  Mr. Johnson's claim, brought pursuant to 42 U.S.C. § 1983, that his former attorneys violated his Fourteenth Amendment due process rights fails as a matter of law because it does not involve state actors.  With no claim that presents a federal question, the Court cannot exercise supplemental jurisdiction over Mr. Johnson's state law claims.  Without complete diversity of parties and without allegations that the amount in controversy requirement has been met to a reasonable probability, the Court lacks diversity jurisdiction over this matter.  Accordingly, the Court lacks subject-matter jurisdiction over this case.  The case is dismissed without prejudice; Mr. Johnson is welcome to re-file his claims in state court.

IT IS FURTHER ORDERED that the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close this case.  The Clerk is further directed to mail a copy of this Order to Plaintiff and to note the mailing on the docket.

**SO ORDERED.**

Date:  October 1, 2021
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**